**STATE of Maine**

v.

**Richard STEEVES.**

Supreme Judicial Court of Maine.

Argued May 8, 1989.
Decided June 1, 1989.

James E. Tierney, Atty. Gen., James McKenna (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Ricky Brunette (orally), Brunette, Shumway, & Ryer, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Richard Steeves brings this appeal from his conviction for murder under 17–A M.R.S.A. § 201(1)(A) (1983) after a jury trial held in Superior Court (Knox County; *Brennan, J.*). His sole argument on appeal is that the Superior Court committed reversible error in excluding testimony of threats made against a class of people of which the decedent was allegedly a member. Because we conclude that the ruling was within the court's discretion, we affirm the judgment.

On April 19, 1985 Russell Bailey was found dead in his home approximately a week after he had been fatally assaulted and shot. On April 12, 1985, Steeves, an acquaintance of Bailey's, checked out of his hotel room in Maine and left the state. He was arrested in Nevada on May 3, 1989 for parole violation and was questioned about the murder. Steeves gave two conflicting accounts of the murder, which he claimed to have witnessed, both of which implicated Earl Ross, Jr.

At trial, Steeves attempted to introduce the testimony of a corrections officer who, some fifteen months after the murder, heard Earl Ross, Jr. threaten fellow prisoners incarcerated for sex offenses. The trial court excluded the testimony pursuant to M.R.Evid. 403.

In order to be admissible, threats must be linked to the victim. *See State v. Eaton*, 309 A.2d 334, 338 (Me.1973); IA Wigmore, *Evidence* § 106 at 1674–80 (1983). There was no evidence that Earl Ross, Jr. either knew or suspected Bailey of having committed any sex offense. Without a stronger connection between the victim and the crime, these threats had very little probative value to be weighed against the danger of confusion and delay.

The entry is:

Judgment affirmed.

All concurring.